**Ex parte Philip Martin ANDERER, Appellant.**

No. 0330–00.

Court of Criminal Appeals of Texas, En Banc.

Nov. 14, 2001.

Matt Hennessy, Houston, for Appellant.

Matthew Paul, State's Atty., Austin, for State.

WOMACK, J., delivered the opinion of the Court, in which KELLER, P.J., and KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

The question is whether a condition that the appellant not operate a motor vehicle is one of the "reasonable conditions on bail pending the finality of his conviction" that may be imposed on bail pending appeal of his felony conviction. *See* Tex.Code Crim. Proc. art. 44.04(c).

### I.

The appellant was indicted for committing criminally negligent homicide on May 8, 1998. About this offense, the habeas-corpus record that is now before us discloses only that the appellant was driving his commercial vehicle when he killed the victim. Before trial the appellant was released on a $2,000 cash bond. A jury found him guilty of the criminally negligent homicide and assessed a punishment of six years' imprisonment on June 8, 1999. He immediately gave notice of appeal. The district court set his bail at $50,000 and imposed on the bail the condition that the appellant was "not to operate any type of motor vehicle whatsoever."

The appellant applied for a writ of habeas corpus on the ground that the condition was unreasonable, in violation of article 44.04(c) and "due process." The district court issued the writ and held a hearing. The appellant testified that the condition of his bail prevented him from engaging in his business of selling "driveway road base," which he delivered in his own truck. He admitted that, during the pendency of the indictment for criminally negligent homicide, he was involved in another "injury accident" while operating a commercial vehicle. The district court denied habeas-corpus relief, and the appellant gave notice of appeal.

A divided panel of the Court of Appeals reversed the district court's habeas-corpus judgment. *Anderer v. State,* 7 S.W.3d 245 (Tex.App.—Houston [14th Dist.] 1999).[1] It held that the purpose of a condition on bail pending appeal is "to assure the presence of a defendant if his or her conviction becomes final," and that the condition in this case "does nothing to advance th[at] purpose."[2] The Court said that if the district court had good cause to believe that the appellant would not appear or was likely to commit another offense, "the proper action is to deny an appeal bond [*sic*] and commit the defendant to custody."[3] We granted review.

## II.

The issue in this case turns on the meaning of the phrase, "reasonable conditions on bail pending the finality of [the defendant's] conviction," in article 44.04(c). As always, we begin our consideration with the language of the statute.[4]

1. Because this is an appeal from an application for writ of habeas corpus, the proper style is *"Ex parte Anderer." See Ex parte Brashear,* 985 S.W.2d 460, 460 n. 1 (Tex.Cr. App.1998); *accord, Ex parte Potter,* 21 S.W.3d 290, 290 n. 1 (Tex.Cr.App.2000).

2. *Anderer,* 7 S.W.3d at 246.

3. *Id.* at 246 n. 2.

4. "Bond pending appeal

"(a) Pending the determination of any motion for new trial or the appeal from any misdemeanor conviction, the defendant is entitled to be released on reasonable bail, and if a defendant charged with a misdemeanor is on bail, is convicted, and appeals that conviction, his bond is not discharged until his conviction is final or in the case of an appeal to a court where a trial de novo is held, he files an appeal bond as required by this code for appeal from the conviction.

"(b) The defendant may not be released on bail pending the appeal from any felony conviction where the punishment equals or exceeds 10 years confinement or where the defendant has been convicted of an offense listed under Section 3g(a)(1), Article 42.12, but shall immediately be placed in custody and the bail discharged.

"(c) Pending the appeal from any felony conviction other than a conviction described in Subsection (b) of this section, the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail, permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until his conviction becomes final. The court may impose reasonable conditions on bail pending the finality of his conviction. On a finding by the court on a preponderance of the evidence of a violation of a condition, the court may revoke the bail.

"(d) After conviction, either pending determination of any motion for new trial or pending final determination of the appeal, the court in which trial was had may increase or decrease the amount of bail, as it deems proper, either upon its own motion or the motion of the State or of the defendant.

"(e) Any bail entered into after conviction and the sureties on the bail must be approved by the court where trial was had. Bail is sufficient if it substantially meets the requirements of this code and may be entered into and given at any term of court.

"(f) In no event shall the defendant and the sureties on his bond be released from their

Article 44.04 of the Code of Criminal Procedure identifies seven classes of convicted defendants. As to four classes, the trial court has no discretion.

In two of these classes, "The defendant may not be released on bail pending the appeal ..., but shall immediately be placed in custody and the bail discharged":[5]

(1) "where the punishment equals or exceeds 10 years' confinement,"[6] and

(2) "where the defendant has been convicted of an offense listed under Section 3g(a)(1), Article 42.12."[7]

In two other classes a convicted defendant is entitled to release on bail:

(3) the misdemeanant, who "is entitled to be released on reasonable bail,"[8]

(4) the felon whose conviction has been reversed by a decision of a court of appeals, who "is entitled to release on reasonable bail, regardless of the length of the term of imprisonment."[9]

In the three remaining classes the trial court has discretion. These classes comprise appeals from felony convictions in which the punishment is less than 10 years' confinement. In such cases "the trial court may":

(5) "deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail;"[10]

(6) "permit the defendant to remain at large on the existing bail,"[11] the amount of which the court may increase or decrease,[12]

(7) "if not then on bail, admit him to reasonable bail until his conviction becomes final."[13]

As for the defendant whom the trial court finds in the sixth or seventh class, "The court may impose reasonable conditions on bail pending the finality of his conviction. On a finding by the court on a preponderance of the evidence of a violation of a condition, the court may revoke

---

liability on such bond or bonds until the defendant is placed in the custody of the sheriff.

"(g) The right of appeal to the Court of Appeals of this state is expressly accorded the defendant for a review of any judgment or order made hereunder, and said appeal shall be given preference by the appellate court.

"(h) If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review. If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail. If the defendant requests bail after a petition for discretionary review has been filed, the Court of Criminal Appeals shall determine the amount of bail. The sureties on the bail must be approved by the court where the trial was had. The defendant's right to release under this subsection attaches immediately on the issuance of the Court of Appeals' final ruling

as defined by Tex. Cr.App. R. 209(c) ." TEX CODE CRIM PRO. art. 44.04.

5. TEX.CODE CRIM PROC. art. 44.04(b).

6. *Ibid.*

7. *See ibid.* The offenses that are listed in article 44.12, sec. 3g(a)(1) are murder, capital murder, indecency with a child by contact, aggravated kidnapping, aggravated sexual assault, sexual assault, aggravated robbery, and certain second offenses under the Drug Free Zones statute.

8. *See id.,* art. 44.04(a).

9. *See id.,* art. 44.04(h).

10. *Id.,* art. 44.04(c).

11. *Ibid.*

12. *See id.,* art. 44.04(d).

13. *Id.,* art. 44.04(c).

the bail." [14] The appellant in this case is in the sixth class.

Judicial discretion to deny bail pending appeal, or to make it conditional, arrived less than 15 years ago. Before 1907, a defendant who was convicted of a felony was not eligible for bail. The statutes required, "Where the defendant appeals in any case of felony, he shall be committed to jail until the decision of the [appellate court]." [15]

In 1907 a statute authorized bail pending appeal in a felony case, but it gave the trial court discretion only as to amount. Any defendant who was convicted of a felony, and whose punishment did not exceed fifteen years' confinement, was entitled to bail.[16] In its 1965 reenactment, the statute read, "Any defendant who is convicted of a misdemeanor, or who is convicted of a felony and whose punishment is assessed at a fine or confinement not to exceed fifteen years or both, shall be *entitled* to bail under the rules set forth in this Chapter pending disposition of his motion for new trial, if any, and pending disposition of his appeal, if any, and until his conviction becomes final." [17]

In 1977, the trial court's discretion was enlarged. The controlling statute, article 44.04 of the Code of Criminal Procedure, was amended to remove the concept of a felon's entitlement to bail pending appeal.[18] The trial court was given discretion, even when the punishment was less than 15 years, to deny bail or to impose reasonable conditions on bail.[19]

In 1999 another amendment restricted the eligibility for bail pending appeal by lowering the ceiling to cases in which the punishment was less than 10 years and by eliminating the "3g" offenses.[20]

At the same time, magistrates were given authority to impose reasonable conditions on pre-trial bail. "To secure a defendant's attendance at trial, a magistrate may impose any reasonable condition of bond related to the safety of a victim of the alleged offense or to the safety of the community." [21]

It will be noted that the statutes treat conditions on pre-trial bond differently from conditions on bail pending appeal. A condition of pre-trial bond must meet three standards: Not only must it be "reasonable," but it also must be to "secure a defendant's attendance at trial," and also

---

14. *Ibid.*

15. Article 721 of the Code of Criminal Procedure of 1856 said, "Where the defendant appeals in any case of felony, he shall be committed to Jail until the decision of the Supreme Court can be made." Article 841 of the Code of 1879, and article 876 of the Code of 1895, said, "Where the defendant appeals in any case of felony, he shall be committed to jail until the decision of the Court of Criminal Appeals can be made and received."

16. The right to bail for such defendants was created by the Act of March 5, 1907, 30th Leg., R.S., ch. 19, § 3, 1907 Tex. Gen. Laws 31, and reenacted in the Codes of Criminal Procedure of 1911 (art. 901) and 1925 (art. 815).

17. Code of Criminal Procedure Act of 1965, 59th Leg., R.S., ch. 722, § 1, art. 44.04(a), 1965 Tex. Gen. Laws, vol. 2, p. 317, 511 (emphasis added), *amended by* Act of May 25, 1977, 65th Leg., R.S., ch. 234, 1977 Tex. Gen. Laws 636.

18. *See* Act of May 25, 1977, 65th Leg., R.S., ch. 234, 1977 Tex. Gen. Laws 636 (amending TEX.CODE CRIM. PROC. art. 44.04).

19. *Ibid.*

20. *See* Act of June 18, 1999, 76th Leg., R.S., ch. 546, 1999 Tex. Gen. Laws 3042. For a list of the "3g" offenses, see *supra* n. 7.

21. Act of June 18, 1999, 76th Leg., R.S., ch. 768, § 1, art. 17.40(a), 1999 Tex. Gen. Laws 3387, 3388.

be related to the safety of the alleged victim or the community. The latter two standards were not imposed on the trial court's conditions of bail pending appeal, which must only be "reasonable."

We have not considered the significance of the legislature's decision to impose three standards on conditions on pre-trial bonds while leaving only one standard for conditions on bail pending appeal.

### III.

Our previous decisions have assumed that the standard the legislature chose for conditions on pre-trial bonds in 1999 also applied to conditions on bail pending appeal under the 1977 statute. The difference between the statutes now demonstrates that the standards may be different, at least as they are expressed by the legislature. Judicial decisions also show a difference between bail before trial and bail pending appeal.

The first appeal to question the validity of a condition on bail pending appeal, which was authorized by the 1977 statute, was *Estrada v. State* 594 S.W.2d 445 (Tex. Cr.App.1980). Estrada appealed from conditions on his bail pending appeal that required him to leave weekly urine samples to be tested and the results reported to the court, to seek drug counseling if his urine-test results indicated the need, to report to a probation officer, to remain in the jurisdiction of the court except by express permission, and to obtain suitable employment. The question was whether the conditions were reasonable and did not constitute an abuse of discretion. The appeal was decided by a panel of three judges of this Court. The panel's judgment affirmed the trial court's decision, upholding eight conditions of bail pending appeal of a conviction for possession of

heroin: to commit no crime, to report monthly to the probation officer, to report changes of address or job status, to remain within the county, to work, to submit urine samples to a clinic, to permit the clinic to report urinalysis results to the court, and to attend counseling at the clinic's recommendation. Judge Douglas announced the judgment of the panel and filed an opinion in which no other judge joined; the other two members of the panel concurred only in the result.

In Judge Douglas's opinion, the 1977 statute was constitutional for this reason:

> The fountainhead of constitutionality of bail conditions is that they be "based upon standards relevant to the purpose of assuring the presence of (the) defendant." *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). Such conditions may not impinge unreasonably upon rights guaranteed by the Constitution. [Footnote 2:] *See, e. g., United States ex rel. Means v. Solem,* 440 F.Supp. 544 (U.S.Dist.Ct. for Dist. of S.D.,1977), where the court found a provision that Means could not participate in the activities of the American Indian Movement to be an unreasonable impingement upon his first amendment rights. [End footnote]

We hold that the term "reasonable" in relation to conditions authorized by Article 44.04(c) encompasses these tests, and that the power of the court to impose reasonable conditions on appeal bonds is not repugnant to the Constitution of the United States or of Texas.[22]

In interpreting "reasonable" to incorporate the *Stack* test that a condition be relevant to assuring the presence of the defendant for trial, Judge Douglas's opinion did not take note of fundamental differences between bail before trial and bail

**22.** *Estrada,* 594 S.W.2d at 447.

after conviction. "Once the defendant's trial is completed and he has been convicted, his situation with respect to his release, even if he plans to take an appeal, changes significantly." [23]

*Stack* involved the amount of bail before trial on federal charges. The Supreme Court said:

> From the passage of the Judiciary Act of 1789 to the present Federal Rules of Criminal Procedure, federal law has unequivocally provided that a person arrested for a non-capital offense shall be admitted to bail. This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning.

> The right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty. Like the ancient practice of securing the oaths of responsible persons to stand as sureties for the accused, the modern practice of requiring a bail bond or the deposit of a sum of money subject to forfeiture serves as additional assurance of the presence of an accused. Bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is "excessive" under the Eighth Amendment. [24]

How many of the Court's considerations in *Stack* were relevant to Estrada's bail pending appeal?

- *Stack* was "a person arrested for a non-capital offense." Estrada was a person convicted of an offense.
- A right to bail pending appeal from a conviction is not recognized in the Constitution of the United States [25] or in the Texas Constitution. [26] *Stack's* case was controlled by federal law that has always provided that all persons arrested for a non-capital offense shall be admitted to bail. Texas statutes have never provided that all convicted felons shall be admitted to bail pending appeal.
- *Stack* enjoyed "the traditional right to freedom before conviction [which] permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction." Freedom after conviction is not traditional, and it is not necessary for the preparation of a defense. [27] Rather than serving to prevent the infliction of punishment before conviction, bail pending appeal delays the infliction of punishment and rehabilitation after conviction.
- For *Stack*, the right to bail before trial was essential to preserving the meaning of the presumption of innocence. That presumption no longer applied to Estrada, a convicted felon. [28]

---

**23.** Wayne R. LaFave, et al., 3 Criminal Procedure § 12.4(d) (2d ed.2000).

**24.** *Stack*, 342 U.S. at 3, 72 S.Ct. 1.

**25.** *McKane v. Durston*, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894); *Ballard v. Texas*, 438 F.2d 640 (5th Cir.1971).

**26.** *Ex parte Lowe*, 573 S.W.2d 245, 247 (Tex. Cr.App.1978); *Ex parte Ezell*, 40 Tex. 451 (1874).

**27.** *Gallie v. Wainwright*, 362 So.2d 936, 941 (Fla.1978) ("the presumption of innocence and the right to participate in the preparation of a defense to ensure a fair trial are obviously not present where the defendant has already been tried and convicted").

**28.** *See ibid.*; Charles Alan Wright, 3A Federal Practice and Procedure § 767 (1982) ("After he has been convicted there is no such presumption").

● Stack's bail served as additional assurance of his presence in court for trial. After appeal, no appearance in court takes place in the vast majority of cases. Rather the clerk of the district court fulfills a ministerial duty to issue a capias for the arrest of the defendant, which is executed by the sheriff's placing the defendant in jail.[29] Bail pending appeal is only an additional assurance that the appellant will be available to be arrested.

None of the considerations that underlay the Supreme Court's decision in *Stack* being applicable to Estrada's case, they give no support to Judge Douglas's conclusion that a Texas court's condition on bail pending appeal is "reasonable" only if it meets federal standards for bail before conviction.

Six years later, this Court elaborated on *Estrada* by saying:

Thus, determining the "reasonableness" of a bail condition must be done in light of its purpose, to assure the presence of the defendant. In each individual case where conditions are imposed, those conditions must strike a balance between society's interest in assuring that the defendant will appear if and when his conviction becomes final and the defendant's interest in remaining free pending appeal.[30]

Once again we ignored the difference between a defendant's interest in remaining free before trial, which is a right recognized in the Texas Constitution[31] and which furthers important constitutional objectives, and a convicted defendant's interest in remaining free during appeal, which is not a constitutional right[32] and which is not necessary after conviction.

Thereafter, this Court and the courts of appeals have employed the *Estrada* stan-

29. "RULE 51. ENFORCEMENT OF JUDGMENTS AFTER MANDATE...

"51.2. Criminal Cases

"When the trial court clerk receives the mandate, the appellate court's judgment must be enforced as follows: ...

"(b) Judgment of Affirmance; Defendant Not in Custody.

"(1) Capias to Be Issued. If the judgment contains a sentence of confinement or imprisonment that has not been suspended, the trial court must promptly issue a capias for the defendant's arrest so that the court's sentence can be executed.

"(2) Contents of Capias. The capias may issue to any county of this state and must be executed and returned as in felony cases, except that no bail may be taken. The capias must:

"(A) recite the fact of conviction;

"(B) set forth the offense and the court's judgment and sentence;

"(C) state that the judgment was appealed from and affirmed, and that the mandate has been filed; and

"(D) command the sheriff to arrest and take the defendant into his custody, and to place and keep the defendant in custody until

delivered to the proper authorities as directed by the sentence.

"(3) Sheriff's Duties. The sheriff must promptly execute the capias as directed. The sheriff must notify the trial court clerk and the appellate clerk when the mandate has been carried out and executed." TEX.R.APP. P. 51.

A Texas court could have required Estrada to appear after the appellate court issued its mandate of affirmance, see *Yarbrough v. State*, 703 S.W.2d 645 (Tex.Cr.App.1985), but such appearances are exceptional.

30. *Ex parte Valenciano*, 720 S.W.2d 523, 525 (Tex.Cr.App.1986).

31. "All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law." TEX. CONST. art. I, § 11. Bail may also be denied in four classes of non-capital cases under certain conditions. *See id.*, art. I, § 11A.

32. See *supra* n. 26.

dard in deciding whether other conditions of bail pending appeal were reasonable.[33]

In the light of the 1999 statute and our further consideration of the interests that the statutes protect, the "standards relevant to the purpose of assuring the presence of the defendant" that Judge Douglas incorporated in his *Estrada* opinion for construing "reasonable conditions on bail pending [appeal]" in Article 44.02(c) cannot be regarded as correct.[34] *Estrada* and its progeny[35] provide valuable guidance for evaluating conditions on pre-trial bonds, but they are misleading as to conditions on bail pending appeal.

## IV.

We must inquire afresh, is it a reasonable condition on bail pending appeal that the appellant not operate a motor vehicle? Or, as the Court of Appeals suggested, is the district court authorized to keep the appellant off the roads only by keeping him in jail without bail?

Except for capital cases and a few categories of felonies,[36] every person accused of a felony has the right to pre-trial bail. As we have said above, bail before trial permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. These interests are of great weight in every case. Yet in setting bail for a pre-

33. *See, e.g., Dallas v. State*, 983 S.W.2d 276 (Tex.Cr.App.1998) (trial court abused its discretion to prohibit appellant from engaging in the business of training and kenneling dogs as a condition of bail pending appeal from conviction for cruelty to animals, because condition is not relevant to securing appellant's appearance in court); *Ex parte Valenciano*, 720 S.W.2d 523 (Tex.Cr.App.1986) (condition requiring appellant to stay away from his family residence while on bail pending appeal of conviction for indecency with child in that neighborhood was unreasonable since Court failed to see how that would in any way assure his presence should his conviction become final); *Speth v. State*, 939 S.W.2d 769 (Tex.App.—Houston [14th Dist.] 1997, no pet. hist.) (on appeal from aggravated assault conviction that was imposed when appellant violated his probation by committing indecency with child and public lewdness, condition that appellant not work as a chiropractor was unreasonable because of tenuous connection with assuring his appearance in court, but other, *Estrada*-like conditions were reasonable); *Ex parte Sotelo*, 878 S.W.2d 179 (Tex. App.—Fort Worth 1993, pet. ref'd) (on appeal from non-drug related conviction, condition that appellant submit urine samples was reasonable when evidence supported finding that such a condition is necessary in order to protect society's interest in assuring that appellant would appear if and when his conviction became final); *Easton v. Rains*, 866 S.W.2d 656 (Tex.App.—Houston [1st Dist.] 1993, no pet. hist.) (condition requiring appel-

lant to pay costs of court was void because it had nothing to do with securing his appearance in court, but other conditions similar to Estrada's were valid); *Rodriguez v. State*, 744 S.W.2d 361 (Tex.App.—Corpus Christi 1988, no pet. hist.) (on appeals from convictions for aggravated assaults in which appellant beat his ex-wife nearly to death and bit off her date's nose, conditions that appellant stay away from ex-wife and have no contact with her were rationally related to the purpose of assuring that he commit no further acts of violence, which in turn increased the likelihood that he would appear when ordered).

34. Judge Douglas also said, "Such conditions may not impinge unreasonably upon rights guaranteed by the Constitution. [Footnote 2:] *See, e.g., United States ex rel. Means v. Solem*, 440 F.Supp. 544 (U.S. Dist. Ct. for Dist. of S.D.1977), where the court found a provision that Means could not participate in the activities of the American Indian Movement to be an unreasonable impingement upon his first amendment rights. [End footnote]" *Estrada*, 594 S.W.2d at 447. This, of course, is a different matter than the one that we consider today. We should not be understood to say that conditions of bail pending appeal may impinge unreasonably on such constitutional rights as freedom of speech and assembly.

35. See *supra* note 33.

36. See *supra* note 31.

sumptively innocent suspect, a magistrate must consider the nature and circumstances of the alleged offense[37] and the safety of the alleged victim and the community,[38] and the magistrate may impose a reasonable condition related to their safety.[39]

After conviction the right to bail is afforded in all misdemeanor cases, and, subject to conditions, in felony cases in which the punishment does not exceed 10 years' confinement. The only interest that is furthered by a defendant's right to remain free during appeal is the interest in protecting the defendant from an erroneous judgment. The issue is not whether this class of appellants should be denied the right to remain free on appeal; it is only, while they are free on appeal, what conditions on their freedom are reasonable?

Against the interest of such appellants must be balanced the interest of society in enforcing the penal laws. Chief among these, in the cases of those who have been convicted of felonies, is "to insure the public safety through: (A) the deterrent influence of the penalties ... provided; (B) the rehabilitation of those convicted of viola-

tions ...; and (C) such punishment as may be necessary to prevent likely recurrence of criminal behavior."[40] If the public policy of this state permits a magistrate to consider the public safety in imposing a condition on pre-trial bail, surely it must be reasonable for a condition on bail pending appeal to have the purpose of protecting the public safety.

In a case in which a defendant has been convicted of killing an individual by driving his commercial vehicle with criminal negligence, and in which he was involved in another injury-accident while driving a commercial vehicle before trial, a condition that he not operate a motor vehicle while free on bail pending appeal has the purpose of protecting the public safety. It is not unreasonable because of that purpose, and it is not unreasonable on any other ground.

The judgment of the Fourteenth Court of Appeals is reversed.

PRICE, J., filed a dissenting opinion in which MEYERS and JOHNSON, JJ., joined.

---

37. *See* TEX.CODE CRIM. PROC. art. 17.15(5).

38. *See id.,* art. 17.15(3).

39. *See id.,* art. 17.40(a).

40. "Objectives of Code

"The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate. To this end, the provisions of this code are intended, and shall be construed, to achieve the following objectives:
"(1) to insure the public safety through:
"(A) the deterrent influence of the penalties hereinafter provided;
"(B) the rehabilitation of those convicted of violations of this code; and

"(C) such punishment as may be necessary to prevent likely recurrence of criminal behavior;
"(2) by definition and grading of offenses to give fair warning of what is prohibited and of the consequences of violation;
"(3) to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among individual offenders;
"(4) to safeguard conduct that is without guilt from condemnation as criminal;
"(5) to guide and limit the exercise of official discretion in law enforcement to prevent arbitrary or oppressive treatment of persons suspected, accused, or convicted of offenses; and
"(6) to define the scope of state interest in law enforcement against specific offenses and to systematize the exercise of state criminal jurisdiction." TEX. PENAL CODE § 1.02.

PRICE, J., filed a dissent, in which MEYERS and JOHNSON, J.J., joined.

We often pay lip service to stare decisis. In our opinions, we say "Often it is better to be consistent than right." *Malik v. State,* 953 S.W.2d 234, 236 (Tex.Crim.App. 1997). In this case, the majority overrules our prior caselaw and achieves a result that is neither consistent nor right.

Texas Code of Criminal Procedure Article 44.04(c) states:

Pending the appeal from any felony conviction ..., *the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail,* permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until his conviction becomes final. The court may impose reasonable conditions on bail pending the finality of his conviction....

Tex.Code Crim. Proc. art. 44.04(c) (emphasis added). In *Estrada v. State,* 594 S.W.2d 445 (Tex.Crim.App.1980), we held that the term reasonable as used in article 44.04(c) encompassed conditions "based upon standards relevant to the purpose of assuring the presence of the defendant." *Id.* at 447 (citing *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951)). We reaffirmed *Estrada's* holding in *Valenciano v. State,* 720 S.W.2d 523 (Tex.Crim. App.1986), when we held that the conditions must strike a balance between society's interest in assuring that the defendant will appear if and when his conviction becomes final and the defendant's interest in remaining free pending appeal. *Id.* at 525. Most recently in *Dallas v. State,* 983 S.W.2d 276 (Tex.Crim.App.1998), we relied on *Estrada* when we stated "the law is that absent legislative intent to the con-

trary the trial court has inherent power in misdemeanor and felony appeals to impose conditions on bail that directly or indirectly relate to the purpose of assuring the defendant's continued appearance." *Id.* at 277.

In its second ground for review the State urges us to hold an appellate bond condition rationally related to protecting the safety of a victim or community is reasonable within the meaning of article 44.04(c). The State argues that the policy rationale for *Estrada* no longer exists and that the trial court should be permitted to consider the safety of the victim or community when it assesses the conditions for an appeal bond. The State relies on the United States Supreme Court's opinion in *Hilton v. Braunskill,* 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987), as support for this proposition.

At this point, we should decline to re-examine *Estrada.* "The doctrine of *stare decisis* should generally be followed, because it promotes judicial efficiency and consistency, it fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." *Proctor v. State,* 967 S.W.2d 840, 844–45 (Tex.Crim.App.1998). This Court and other appellate courts have relied on the *Estrada* in opinions concerning the reasonableness of bail conditions. *See Dallas,* 983 S.W.2d at 277; *Valenciano,* 720 S.W.2d at 525; *Speth v. State,* 939 S.W.2d 769, 772 (Tex.App.—Houston [14th Dist.] 1997, no pet.); *Ex parte Sotelo,* 878 S.W.2d 179, 180 (Tex.App.—Fort Worth 1993, pet. ref'd); *Easton v. Rains,* 866 S.W.2d 656, 659 (Tex.App.—Houston [1st Dist.] 1993, no pet.).

The interest in *stare decisis* is even more compelling when the rule of law involves a judicial interpretation of a legislative enactment on which parties rely for guidance. *Busby v. State,* 990 S.W.2d 263,

267 (Tex.Crim.App.1999). "When the Legislature meets, after a particular statute has been judicially construed without changing the statute, we presume the legislature intended the same construction should continue to be applied to that statute." *Id.* (quoting *Marin v. State,* 891 S.W.2d 267, 271–72 (Tex.Crim.App.1994)). The legislature has met many times since we defined the term reasonable in the context of 44.04(c). If the legislature had disapproved of our definition, it could have changed the wording of Article 44.04(c). *Busby,* 990 S.W.2d at 267. In fact, the legislature recently added article 17.40 to the Texas Code of Criminal Procedure so that "a magistrate may impose any reasonable condition of bond related to the safety of the victim of the alleged offense or to the safety of the community." Act of May 26, 1999, 76th Leg., R.S., ch. 768, § 1, 1999 Tex. Gen. Laws 3387. If the legislature had intended to allow a court to impose a condition on bail pending appeal based on the safety of the victim or community, it could have added the same language to article 44.04(c). Since it did not, we presume that the legislature meant to leave article 44.04(c) as we have interpreted it in the past.

Article 44.04(c) currently provides for the safety of the victim or the community. It specifically allows for the trial court to deny bail if it has good cause to believe that the defendant would likely commit another offense. From this language, the State queries why is the trial court not able to choose the less intrusive and onerous alternative of freeing the defendant from incarceration. The State contends that the trial court should be able to subject the defendant to the conditions rationally related to preventing the appellant from committing more crimes while on bail since the court may deny bail to prevent the commission of additional offenses.

I see a laudable goal but no merit in this argument. It is not our place to set legislative policy; we must honor the words in the statute unless their application produces absurd results. If the defendant were to commit another offense, the safety of the victim or the community would be compromised. According to the statute, the trial court should simply deny bail altogether, rather than impose conditions attempting to protect the victim or the community. Tex.Code Crim. Proc. art. 44.04(c); *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991) ("[we should] focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment"). Denying bail altogether is more onerous than imposing a condition designed to prevent the defendant from committing more crimes while on bail. But this result is not absurd, and therefore, we should presume that the legislature intended this result.

I would reaffirm *Estrada* and overrule the State's second ground for review.

In its first ground for review, the State argues that bond conditions deterring the defendant from committing crimes while on bail pending appeal are rationally related to assuring the appearance of the defendant if and when the conviction becomes final. Such conditions, it claims, are therefore reasonable under article 44.04(c).[1] The State contends a condition that deters additional crimes indirectly relates to assuring the defendant's presence, and is therefore, reasonable pursuant to article 44.04(c).

---

1. It would seem feasible and possibly recommended by the State and the majority that any defendant convicted of a sexual offense be required to attend counseling as a bond condition in order to prevent his committing the same or similar crime while awaiting appeal.

An appropriate analysis should begin with a summary of our prior cases interpreting the reasonableness of bail conditions pending appeal. In *Estrada*, the defendant was convicted of possession of heroin. We concluded that the following conditions were reasonable, in other words, rationally related to assuring the defendant's appearance: (1) requiring that the defendant not commit any crimes; (2) requiring the defendant to report to a probation officer; (3) requiring the defendant to report any change of job or address; (4) requiring the defendant to remain within the county unless given permission to leave; (5) requiring the defendant to work faithfully; (6) requiring the defendant to provide urine samples to make sure he was not using illegal drugs and allowing the clinic to report the result to a probation officer; and (7) requiring the defendant to attend drug counseling once a month if he began to backslide. *Estrada*, 594 S.W.2d at 447–48.

In *Valenciano*, the defendant was convicted of indecency with a child who lived in his neighborhood. The trial judge imposed a condition that the defendant stay away from his family residence. We held that "[t]he condition unreasonably impinges on [the defendant's] freedom without forwarding society's interest in assuring his presence in any way." *Valenciano*, 720 S.W.2d at 525.

In *Dallas*, the defendant was convicted of cruelty to animals, and as a condition of bail, the trial judge prohibited his training or kenneling dogs. We explained that the condition was not relevant to securing the defendant's presence in court. *Dallas*, 983 S.W.2d at 280.

The appellant in this case was convicted of criminally negligent homicide. The trial judge imposed a bail condition that he not operate a motor vehicle pending appeal. This condition is not similar to those per-mitted in *Estrada*; rather, the condition imposed in this case actually diminishes the appellant's ability to work. Like the conditions imposed in *Dallas* and *Valenciano*, I fail to see how this condition helps to secure the appellant's presence if and when his conviction becomes final. *Cf. Speth*, 939 S.W.2d at 770 (stating that it was unreasonable to prohibit the defendant from working as a chiropractor pending appeal of his conviction for aggravated assault on a police officer). I understand and sympathize with the trial court's effort to prevent future crimes by the appellant and to protect potential victims of the appellant. But this can be accomplished by denying bail completely. As I explained earlier, we should presume that this is what the legislature intended.

I would hold that *Estrada* and its progeny are still controlling case law. The condition imposed on the appellant was not reasonable to secure the defendant's return: it could do little to assure the appellant's presence should his conviction become final. I would affirm the judgment of the Court of Appeals. Because the majority does not, I dissent.