NO. 12-05-00052-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

TAMMIE DEAN LOVELL,                               §     APPEAL FROM THE 349TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,                                  §     HOUSTON COUNTY, TEXAS 
APPELLEE




MEMORANDUM OPINION
            Tammie Dean Lovell appeals the trial court’s denial of her application for writ of habeas
corpus requesting release from the conditions of her appeal bond. In two issues, Appellant
contends that the trial court erred in imposing bond conditions that contradict a family law court
order, are unreasonable, and violate her federal and state constitutional rights and protections. 
We affirm.
 
Background
            Appellant and Gary Wayne Lovell were married on April 14, 2000 and divorced on
February 6, 2001. They are the parents of a daughter, J.B.L., born on May 18, 2000. Appellant
was charged by indictment with interference with child custody.


 More specifically, the
indictment alleged that, on October 24, 2003, Appellant intentionally or knowingly took J.B.L.,
a child younger than 18 years of age, when she knew that the taking violated the express terms
of a court order disposing of the child’s custody. Appellant pleaded “not guilty.” The matter
proceeded to a jury trial, and the jury found Appellant guilty of interference with child custody. 
Appellant elected to have punishment assessed by the trial court and was sentenced to 360 days
in state jail.


 The trial court stated that, in the event Appellant decided to appeal her conviction,
the amount of her bond would remain the same. However, the trial court imposed three
conditions of Appellant’s bond: (1) that Appellant have no visitation with J.B.L. while on bail,
(2) that Appellant not violate any laws of the State of Texas, and (3) that Appellant not
communicate with or have any contact with Gary Lovell or any family member of Gary Lovell,
specifically Heath Lovell or any member of his family. Appellant filed an application for writ of
habeas corpus, complaining that these bond conditions were contrary to law and were not
rationally related to the purpose of the bond. After a hearing, the trial court denied Appellant’s
application. This appeal followed.
 
Contradiction of Family Law Order
            In her first issue on appeal, Appellant contends that the first bond condition, denial of
visitation with J.B.L., violates the Texas Family Code. More specifically, Appellant argues that
the trial court is barred from issuing orders that contradict or contravene her parental rights and
responsibilities as determined by the court that entered the order permitting visitation. Appellant
also contends that because it supersedes the family law court order, the bond condition violates
her rights of due process, due course of law, equal protection, and right to privacy in her parental
rights and duties under the United States and Texas constitutions. 
            We have found no authority, and Appellant has not cited any, supporting her contention
that the trial court could not impose a bond condition that conflicted with the order permitting
Appellant visitation with J.B.L. Consequently, we conclude that this argument is without merit. 
We also note that Appellant does not separately argue her state and federal constitutional claims
or argue that the Texas constitutional protections differ in any significant way from those
protections or rights in the United States Constitution. To adequately brief a state constitutional
issue, Appellant must proffer specific arguments and authorities supporting her contentions under
the state constitution. Moore v. State, 935 S.W.2d 124, 128 (Tex. Crim. App. 1996); Lawton v.
State, 913 S.W.2d 542, 558 (Tex. Crim. App. 1995). Because Appellant failed to do so, we
consider Appellant’s first issue as a federal constitutional claim only. See Jackson v. State, 992
S.W.2d 469, 475 n.8 (Tex. Crim. App. 1999); Johnson v. State, 853 S.W.2d 527, 533 (Tex. Crim.
App. 1992). 
            An appellant’s brief must contain a clear and concise argument for the contentions made,
with appropriate citation to authorities and to the record. Tex. R. App. P. 38.1(h). However,
Appellant’s argument regarding the violation of her federal constitutional protections and rights
is conclusory and contains no citations to authorities. Appellant also fails to describe any
justification or reason for a determination that the trial court violated her federal constitutional
protections and rights by imposing the first bond condition. Therefore, Appellant has waived this
issue as well. See Tex. R. App. P. 38.1(h).
            Appellant also contends that the bond condition violated sections 101.025, 160.002,
151.001, and 152.202 of the Texas Family Code.


 Section 101.025 defines the parent-child
relationship. Tex. Fam. Code Ann. § 101.25 (Vernon 2002). Because the trial court’s order did
not redefine the legal relationship between Appellant and J.B.L., nothing in the order violated this
subsection. See Tex. Fam. Code Ann. § 101.25. Section 160.002, a subsection of the Uniform
Parentage Act (“UPA”), provides that Chapter 160 prevails if a provision of that chapter conflicts
with other state law and the conflict cannot be reconciled. Tex. Fam. Code Ann. § 160.002
(Vernon 2002). The UPA promotes uniform laws among the states establishing the parent-child
relationship. See Tex. Fam. Code Ann. §§ 160.001-.763 (Vernon 2002 & Supp. 2005). Because
the order did not attempt to establish parentage between Appellant and J.B.L., nothing in the order
conflicted with the UPA. See Tex. Fam. Code Ann. §§ 160.001-.763. 
            Section 152.002 is a subsection of the Uniform Child Custody Jurisdiction and
Enforcement Act (“UCCJEA”). Similar to section 160.002, this section provides that Chapter 152
prevails if a provision of that chapter conflicts with other state law and the conflict cannot be
reconciled. Tex. Fam. Code Ann. § 152.002 (Vernon 2002). This act promotes uniform laws
regarding jurisdiction and enforcement of child custody determinations among the states. See Tex.
Fam. Code Ann. §§ 152.001-.317 (Vernon 2002). Because the trial court’s order does not relate
to the jurisdiction or enforcement of J.B.L.’s custody, nothing in the order conflicted with the
UCCJEA. See Tex. Fam. Code Ann. §§ 152.001-.317. 
            Section 151.001 outlines the rights and duties of a parent. Tex. Fam. Code Ann. § 151.001
(Vernon 2002). Subsection (a)(1) provides that a parent of a child has the right to have physical
possession of the child. Tex. Fam. Code Ann. § 151.001(a)(1) (Vernon 2002). The condition
prohibiting visitation with J.B.L. affected Appellant’s right to have physical possession of J.B.L. 
The Texas Family Code contemplates the entry of possession and conservatorship orders that deny
possession of a child to a parent or impose restrictions or limitations on a parent’s right to
possession of or access to a child. See Tex. Fam. Code Ann. § 153.193 (Vernon 2002). Thus, a
parent’s right to have physical possession of a child is not unlimited. Because Appellant’s right to
the physical possession of J.B.L. is not absolute, we decline to hold that Section 151.001 precludes
a bond condition denying visitation between a parent and child.
            In summary, there is no authority prohibiting the trial court from imposing a bond condition
that conflicted with another court’s order regarding Appellant’s visitation with J.B.L., and none of
the Texas Family Code sections cited by Appellant barred the criminal trial court from prohibiting
Appellant’s visitation with J.B.L. as a condition of her appeal bond. Therefore, Appellant’s first
issue is overruled.
Conditions of Bond pending Appeal
            In her second issue, Appellant argues that the bond conditions prohibiting visitation with
J.B.L. and prohibiting communication or contact with Gary Lovell or his family violate her First
Amendment rights of freedom of association and speech, due process of law, due course of law, and
equal protection under the United States and Texas constitutions. Appellant also contends these
conditions were unreasonable and therefore an abuse of discretion under article 44.04(c) of the
Texas Code of Criminal Procedure. Further, Appellant argues that the second bond condition,
which prohibits Appellant from violating Texas law, was an attempt to bolster the trial court’s
statutory authority to revoke bond, was superfluous to the trial court’s authority, and was wholly
unnecessary to enforce public safety or Appellant’s appearance upon mandate. 
 
Applicable Law
            Article 44.04(c) of the Texas Code of Criminal Procedure states that pending appeal from
a felony conviction, a trial court may permit the defendant to remain at large on the existing bail.
Tex. Code Crim. Proc. Ann. art. 44.04(c) (Vernon Supp. 2005). Further, the trial court may
impose reasonable conditions on bail pending the finality of a conviction. Id. The only interest
furthered by a defendant’s right to remain free during appeal is the interest in protecting the
defendant from an erroneous judgment. Ex parte Anderer, 61 S.W.3d 398, 406 (Tex. Crim. App.
2001). However, the interest in protecting the defendant from an erroneous judgment must be
balanced with the interest of society in enforcing the penal laws. Id. Society’s interests include
insuring “the public safety through: (A) the deterrent influence of the penalties . . . provided; (B)
the rehabilitation of those convicted of violations . . .; and (C) such punishment as may be necessary
to prevent likely recurrence of criminal behavior.” Id. (quoting Tex. Pen. Code Ann. § 1.02
(Vernon 2003)). However, conditions of bail pending appeal may not impinge unreasonably on
such constitutional rights as freedom of speech and assembly. Id. at 405 n.34. 
Analysis
            Again, we note that Appellant does not separately argue her state and federal constitutional
claims or argue that the Texas constitutional protections differ in any significant way from those
protections or rights in the United States Constitution. To adequately brief a state constitutional
issue, Appellant must proffer specific arguments and authorities supporting her contentions under
the state constitution. Moore, 935 S.W.2d at 128; Lawton, 913 S.W.2d at 558. Because Appellant
failed to do so, she has not presented for our review any claims under the Texas Constitution. See
Jackson, 992 S.W.2d at 475 n.8; Johnson, 853 S.W.2d at 533. 
            Moreover, an appellant’s brief must contain a clear and concise argument for the contentions
made, with appropriate citation to authorities and to the record. Tex. R. App. P. 38.1(h). However,
Appellant’s argument regarding the violation of her federal constitutional protections and rights is
conclusory and contains no citations to authorities. Appellant also fails to describe any justification
or reason for a determination that the trial court violated her federal constitutional protections and
rights by imposing the first and third bond conditions. Therefore, Appellant has waived this issue. 
See Tex. R. App. P. 38.1(h). We now turn to the reasonableness of the bond conditions.
            Appellant was convicted of interference with child custody, more particularly, taking J.B.L.
in violation of the express terms of the family law court order. During sentencing, the father of one
of Appellant’s other children testified about Appellant’s noncompliance with court orders regarding
their child and problems with her returning their child as ordered. Moreover, Gary testified that,
even after conviction, Appellant did not comply with visitation as ordered by the family law court,
once refusing to turn the child over to Gary’s representative. Because Appellant was convicted of
interference with child custody and appeared unable to abide by the family law court’s orders
regarding possession and custody of J.B.L. and another child, the trial court reasonably could have
concluded that Appellant required further restriction in order to prevent recurrence of her prior
criminal behavior. Therefore, it was not unreasonable for the trial court to deny her visitation with
J.B.L. as a condition of her bond pending appeal. See Anderer, 61 S.W.3d at 406.
            Regarding the second condition, committing no violations of Texas law, Sheriff Darrell
Bobbitt of Houston County, Texas testified at sentencing that Appellant had been in the county jail
numerous times and that the incidents for which she was jailed usually involved Gary. He stated
that she had been jailed for contempt of court in October 2002, criminal trespass in April 2002,
criminal mischief in September 2002, stalking in October and December 2002, insurance fraud in
November 2003, burglary of a vehicle in April 2001, and contempt of court in August 2002. 
Appellant admitted being convicted of driving while intoxicated in 1990, pleading no contest to an
injury to a child charge in the early 1990s, and being convicted of criminal mischief for an incident
that occurred in August 2002. Because Appellant had been jailed or convicted numerous times
between 2001 and 2003 and society had an interest in preventing the likely recurrence of her
criminal behavior, it was not unreasonable for the trial court to condition Appellant’s bond pending
appeal upon her committing no violations of the laws of the State of Texas. See id. 
            Finally, as to the condition prohibiting contact or communication with Gary Lovell or his
family members, Gary testified at sentencing that he filed charges against Appellant for burglary
of his vehicle; burglary of his shop; assault in September 2000; criminal trespass on his property
in March 2002; and stalking in 2000. Further, he testified that Appellant followed him at least three
different times in town or through various towns by vehicle, watched him through the windows of
his house, and “staked” him out at restaurants, church, and the courthouse. 
            Heath Lovell, Gary’s son, testified that on a night in August 2002, his car was parked beside
his house when Appellant hit his car with her vehicle, drove slowly past his house at least twice,
and drove into a neighbor’s yard across the street. After she was stopped by the police near Heath’s
house, she again drove by his house, honked and swerved at Heath and his wife sitting on the curb
of their house, and missed hitting Heath’s car by approximately six inches. According to Heath,
Appellant drove by his house again that night even though the police were at his house talking to
him. Heath testified that Appellant was tried and convicted for this incident. Additionally, Heath
stated that, on several occasions, Appellant made obscene gestures at him while driving by his
house or passing him on the roadway. Because Gary and Heath testified to numerous incidents in
which Appellant allegedly violated the law in her contacts with them and society had an interest in
protecting the public safety and preventing the likely recurrence of criminal behavior, it was not
unreasonable for the trial court to condition Appellant’s appeal bond on her having no
communication or contact with Gary Lovell or any of his family members, specifically Heath Lovell
or any member of his family. See id. 
            Based upon our review of the record, we conclude that the three conditions of Appellant’s
appeal bond reflect the proper balance of the interests of Appellant and society’s interest in
protecting the public safety. Consequently, we hold that these conditions were not unreasonable.
Therefore, Appellant’s second issue is overruled.
 
Disposition
            The judgment of the trial court is affirmed.
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered November 30, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
(DO NOT PUBLISH)