# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00545-CR

**Ex parte Harold Wayne Anderton**

**FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT**
**NO. CR21850, HONORABLE ED MAGRE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Harold Wayne Anderton petitioned for a writ of habeas corpus seeking reinstatement of bail pending appeal. Following a hearing, the district court denied relief. We affirm the order.

Anderton perfected an appeal after he was convicted for possessing methamphetamine and sentenced to five years' imprisonment.[1] The trial court set bail pending the appeal at $40,000 subject to certain terms and conditions, including periodic urinalysis. Anderton made bail and was released. The State subsequently moved to revoke bail, alleging that Anderton had tested positive for methamphetamine on four occasions. The motion was granted. One month later, Anderton filed

---

[1] The conviction was recently affirmed by this Court. *Anderton v. State*, No. 03-08-00262-CR, 2009 Tex. App. LEXIS 1008 (Tex. App.—Austin Feb. 13, 2009) (mem. op., not designated for publication). A motion for extension of time to file a petition for discretionary review was granted, but to date no petition has been filed.

his habeas corpus petition seeking reinstatement of bail. Relief was denied, and this appeal followed.[2]

Anderton contends that he is constitutionally entitled to bail. This is incorrect. The right to bail pending appeal from a criminal conviction is not recognized by either the United States or Texas constitutions. *Ex parte Anderer*, 61 S.W.3d 398, 403 (Tex. Crim. App. 2001). Anderton's reliance on articles 1.07 and 17.15 is also misplaced, as those statutes are concerned with pretrial bail. Tex. Code Crim. Proc. Ann. arts. 1.07, 17.15 (West 2005).

The right to bail on appeal is governed by article 44.04. *Id*. art. 44.04 (West 2006). There is no dispute that Anderton was eligible for bail pending appeal. *See id*. art. 44.04(c). Under article 44.04(c), the trial court may impose reasonable conditions on bail, or it may deny bail entirely if there is good cause to believe that the defendant will not appear when his conviction becomes final or to believe that the defendant will commit another offense while on bail. *Id*. The court may revoke bail pending appeal if it finds by a preponderance of the evidence that a condition of bail has been violated. *Id*.

Anderton does not deny that he violated the conditions of his bail. He argues, however, that the periodic urinalysis requirement was unreasonable because it was not part of a broader rehabilitation program. Considering that Anderton had been convicted of methamphetamine possession, and that this was not his first drug conviction, it was not unreasonable for the trial court to require him to abstain from further illicit drug use pending his appeal. *See Anderer*, 61 S.W.3d

---

[2] Anderton's motion for extension of time to file notice of appeal is granted.

at 406 (holding that it was not unreasonable for trial court to require defendant not to drive as condition of bail on appeal from vehicular homicide conviction).

Given Anderton's admitted violations of the conditions of his bail pending appeal, we find no abuse of discretion in the trial court's decision to revoke bail. Moreover, it was not an abuse of discretion for the trial court to conclude under the circumstances that Anderton was likely to commit another offense should he again be released on bail.

The order denying habeas corpus relief is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: April 15, 2009

Do Not Publish