TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00545-CR







Ex parte Harold Wayne Anderton







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. CR21850, HONORABLE ED MAGRE, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Harold Wayne Anderton petitioned for a writ of habeas corpus seeking reinstatement
of bail pending appeal. Following a hearing, the district court denied relief. We affirm the order.

Anderton perfected an appeal after he was convicted for possessing methamphetamine
and sentenced to five years' imprisonment. (1) The trial court set bail pending the appeal at $40,000
subject to certain terms and conditions, including periodic urinalysis. Anderton made bail and was
released. The State subsequently moved to revoke bail, alleging that Anderton had tested positive
for methamphetamine on four occasions. The motion was granted. One month later, Anderton filed
his habeas corpus petition seeking reinstatement of bail. Relief was denied, and this
appeal followed. (2)

Anderton contends that he is constitutionally entitled to bail. This is incorrect. The
right to bail pending appeal from a criminal conviction is not recognized by either the United States
or Texas constitutions. Ex parte Anderer, 61 S.W.3d 398, 403 (Tex. Crim. App. 2001). Anderton's
reliance on articles 1.07 and 17.15 is also misplaced, as those statutes are concerned with pretrial
bail. Tex. Code Crim. Proc. Ann. arts. 1.07, 17.15 (West 2005).

The right to bail on appeal is governed by article 44.04. Id. art. 44.04 (West 2006). 
There is no dispute that Anderton was eligible for bail pending appeal. See id. art. 44.04(c). Under
article 44.04(c), the trial court may impose reasonable conditions on bail, or it may deny bail entirely
if there is good cause to believe that the defendant will not appear when his conviction becomes final
or to believe that the defendant will commit another offense while on bail. Id. The court may revoke
bail pending appeal if it finds by a preponderance of the evidence that a condition of bail has
been violated. Id.

Anderton does not deny that he violated the conditions of his bail. He argues,
however, that the periodic urinalysis requirement was unreasonable because it was not part of a
broader rehabilitation program. Considering that Anderton had been convicted of methamphetamine
possession, and that this was not his first drug conviction, it was not unreasonable for the trial court
to require him to abstain from further illicit drug use pending his appeal. See Anderer, 61 S.W.3d
at 406 (holding that it was not unreasonable for trial court to require defendant not to drive as
condition of bail on appeal from vehicular homicide conviction).

Given Anderton's admitted violations of the conditions of his bail pending appeal,
we find no abuse of discretion in the trial court's decision to revoke bail. Moreover, it was not an
abuse of discretion for the trial court to conclude under the circumstances that Anderton was likely
to commit another offense should he again be released on bail. 

The order denying habeas corpus relief is affirmed.



 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: April 15, 2009

Do Not Publish
1. The conviction was recently affirmed by this Court. Anderton v. State, No. 03-08-00262-CR,
2009 Tex. App. LEXIS 1008 (Tex. App.--Austin Feb. 13, 2009) (mem. op., not designated for
publication). A motion for extension of time to file a petition for discretionary review was granted,
but to date no petition has been filed.
2. Anderton's motion for extension of time to file notice of appeal is granted.