ACCEPTED
12-13-00357-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
3/27/2015 2:38:55 PM
CATHY LUSK
CLERK

In The Twelfth Court Of
Appeals Tyler, Texas

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

3/27/2015 2:38:55 PM

CATHY S. LUSK
Clerk

## No. 12-13-00357-CR

*Tocarra Lockett, Appellant,*
*v.*
*The State of Texas,*
*Appellee.*

On Appeal from the 420th District Court,
Nacogdoches County, Texas
Cause No. F1320229

APPELLANT'S MOTION FOR BOND FOLLOWING REVERSAL OF
CONVICTION PURSUANT TO TEX. CODE CRIM. PROC. ART. 44.04(h)

Seth T. Johnson, Tex. Bar No. 24082212
Attorney for Appellant
222 North Mound St., Suite #1
Nacogdoches, Texas 75961
Telephone: (936) 205-6775
Fax: (936) 715-3022
Email:johnsondefenselaw@gmail.com

## APPELLANT'S MOTION FOR BOND FOLLOWING REVERSAL OF CONVICTION PURSUANT TO TEX. CODE CRIM. PROC. ART. 44.04(h)

TO THE HONORABLE JUDGES OF THE TWELFTH COURT OF APPEALS:

COMES NOW, Appellant, Tocarra Lockett, by and through his attorney of record, Seth T. Johnson, and respectfully files this motion requesting the Court release him on reasonable bail, that bail be set at $2500.00, and that the Trial Court be ordered to bench warrant Appellant to Nacogdoches County forthwith for a determination concerning the approval of sureties on the bail.

## STATEMENT OF FACTS

1. On March 25, 2015 this Court reversed the judgment of conviction in the Trial Court and entered a judgment of acquittal in the instant case.

2. The judgment of reversal was predicated upon legal insufficiency of the evidence and therefore the case cannot be retried.

3. At the time of filing of this motion the State has not filed a Petition for Discretionary Review in the Court of Criminal Appeals nor a Motion for Rehearing. However, the likelihood that this Court's decision would be overturned is extremely low because the applicable law is well settled, a fact recognized in this Court's Memorandum Opinion.

4. Appellant has been incarcerated continuously since March 25, 2013 in connection with this case and is indigent. Undersigned counsel represents Appellant as a court-appointed attorney.

5. Appellant's common-law wife can reasonably afford a $2500.00 bond.

6. Appellant would reside with his wife in Lufkin, Texas; which is adjacent to the county of origin of this case.

7. Appellant's wife is employed full-time as an Operations Supervisor for Americare EMS, an Ambulance Service in Lufkin, Texas.

8. While on bond, and pending determination of any appeal by the State, Appellant will actively seek gainful employment. Appellant is a certified diesel mechanic. Also, various family members, employed in the oil and gas industry have pledged to assist Appellant with finding employment.

9. Appellant is a lifelong resident of East Texas.

## ARGUMENT AND AUTHORITIES

1. Article 44.04(h) guarantees a defendant release from custody if his conviction is reversed on appeal regardless of the length of the sentence. *Ex parte Anderer*, 61 S.W.3d 398, 400 (Tex. Crim. App. 2001).

2. Art. 44.04(h), Tex. Code Crim. Proc. states:

"If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review. If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail. If the defendant requests bail after a petition for discretionary review has been filed, the Court of Criminal Appeals shall determine the amount of bail. The sureties on the bail must be approved by the court where the trial was had. The defendant's right to release under this subsection attaches immediately on the issuance of the Court of Appeals' final ruling as defined by Tex.Cr.App.R. 209(c)."

3. Former Rule 209(c) of the Texas Rules of Post Trial and Appellate Procedure in Criminal Cases provided:

"As used in these rules, "final ruling of the court" means (1) the 16th day after the date of the delivery of the court's opinion or order where a motion for rehearing is permitted under Rule 208 but is not filed or rehearing is not granted on the court's own motion, (2) the day after the date of the overruling of motion for rehearing where a further motion for rehearing is not permitted under Rule 208, or (3) if a motion for rehearing pursuant to Rule 208(d) is granted, the day after the date of the disposition of the case on rehearing, whichever is later."

4. Although 209(c) was repealed in 1986, the rule that an appellant becomes bailable when the time period for motions for rehearing have expired is still followed. *In re Keeter*, 134 S.W.3d 250 (Tex. App.—Waco 2003).

5. "Once a conviction is reversed, we hold the primary factors that

should be considered by the court of appeals are: (1) the fact that the conviction has been overturned; (2) the State's ability, if any, to retry the appellant; and (3) the likelihood that the decision of the court of appeals will be overturned." *Aviles v. State*, 26 S.W.3d 696 (Tex.App. Houston [14 Dist.] 2000).

6. The nature of the offense and the length of the sentence should not be given great weight when the request for bail is made pursuant to article 44.04(h). *Id.*

7. Additional factors to consider include Article 17.15, Tex. Code of Crim. Proc. and those set out in *Ex parte Rubac*, 611 S.W.2d 848 (Tex.Crim. App.[Panel Op.] 1981). *Id.*

8. For the reasons outlined above, it seems very unlikely that Appellant would ever have to appear before the trial court again in connection with this case after posting bond. Considering this fact, along with Appellant's ties to the community, and his indigency after being incarcerated for two years on this case, $2500.00 bail is reasonable and assures that bail will not be used as an instrument of oppression to keep Appellant incarcerated until the mandate issues.

PRAYER

Appellant prays the Court release him on reasonable bail, that bail be set at $2500.00, and that the Trial Court be ordered to bench warrant Appellant to Nacogdoches County forthwith for a determination concerning the approval of sureties on the bail.

Respectfully submitted,

_____
Seth T. Johnson, #24082212
ATTORNEY FOR DEFENDANT
222 North Mound St. #1
Nacogdoches, TX 75961
(P) 936-205-6775
(F) 936-715-3022
johnsondefenselaw@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was electronically served on the Nacogdoches County District Attorney's Office, Texas, on March 27, 2015.

_____
Seth T. Johnson,
#24082212