**Ex parte Kevin Eugene ELLIOTT.**

**No. 2–96–229–CR.**

Court of Appeals of Texas,
Fort Worth.

May 22, 1997.

Publication Ordered July 24, 1997.

Rehearing Overruled June 26, 1997.

Richard Alley, Fort Worth, Tom McKenzie, Euless, for Appellant.

Tim Curry, Criminal District Attorney, Betty Marshall, Charles M. Mallin, Helena F. Faulkner, Eleanor Barnwell, Mike Orteba, Assistant District Attorneys, Fort Worth, for Appellee.

Before DAY, LIVINGSTON and DAUPHINOT, JJ.

## OPINION

PER CURIAM.

Appellant Kevin Eugene Elliott appeals the trial court's denial of his pretrial application for writ of habeas corpus. In two points of error, he complains that (1) the trial court abused its discretion in ordering, as a condition of his bond, that an interlock device be installed in his automobile; and (2) that article 17.441 of the Code of Criminal Procedure, which authorizes the device, is unconstitutional. We overrule appellant's points of error and affirm the trial court's denial of his application for writ of habeas corpus.

Appellant was arrested on September 3, 1995 for driving while intoxicated (DWI). At that time, he posted a $1500 bond. On September 11, 1995, an information and complaint were filed. The information contained an enhancement paragraph alleging that appellant had previously been convicted of DWI in 1991. Thereafter, the trial court, on its own motion, ordered appellant to appear in court for a hearing to determine whether his bond should be modified in accordance with article 17.441 of the Code of Criminal Procedure, which provides as follows:

(a) Except as provided by Subsection (b), a magistrate shall require on release that a defendant charged with a subsequent offense under Sections 49.04–49.06, Penal Code, or an offense under Section 49.07 or 49.08 of that code:

(1) have installed on the motor vehicle owned by the defendant or on the vehicle most regularly driven by the defendant, a device that uses a deep-lung breath analysis mechanism to make impractical the operation of a motor vehicle if ethyl alcohol is detected in the breath of the operator; and

(2) not operate any motor vehicle unless the vehicle is equipped with that device.

(b) The magistrate may not require the installation of the device if the magistrate finds that to require the device would not be in the best interest of justice.

(c) If the defendant is required to have the device installed, the magistrate shall require that the defendant have the device installed on the appropriate motor vehicle, at the defendant's expense, before the 30th day after the date the defendant is released on bond.

(d) The magistrate may designate an appropriate agency to verify the installation of the device and to monitor the device.

TEX.CODE CRIM. PROC. ANN. art. 17.441 (Vernon Supp.1997).

At the hearing, appellant argued that his last offense was "over five years ago," that he had worked at the same job for six years, and that his record reflected no offenses other than the previous DWI. The State did not offer evidence at the hearing. At the conclusion of the hearing, the court determined that because appellant's previous DWI was within the last five years, the installation of the device was appropriate for the safety of the community. Therefore, the court ordered that the conditions of appellant's bond be modified to require that appellant install an interlock device on any vehicle he operated pending trial.[1]

---

1. The court also ordered that appellant be placed on the bond caseload program and that he report to the probation department monthly so that his compliance with the bond conditions could be monitored. The court waived the probation fees incident to having the probation department monitor his compliance with the interlock condition.

Appellant appealed from the trial court's order modifying the conditions of his pretrial bond. His appeal was dismissed and his petition for discretionary review was refused. *Elliott v. State,* No. 02–95–440–CR (Tex. App.—Fort Worth Dec. 14, 1995, pet. ref'd) (not designated for publication). He then filed an application for writ of habeas corpus challenging the interlock condition. The trial court denied relief, and this appeal followed.

In his first point of error, appellant complains that the trial court abused its discretion in modifying the conditions of his pretrial release to require him to install an interlock device on his car. In so arguing, appellant concedes that the trial court has the authority to set reasonable bail and to impose reasonable conditions on pretrial bond. *See* TEX. CONST. art. I, § 13.

■ The trial court's decision in this regard is reviewable under an abuse of discretion standard. *See Miller v. State,* 855 S.W.2d 92, 93–94 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). Appellant, therefore, has the burden of demonstrating that the trial court abused its discretion by imposing an excessive condition of bail. *See Ex parte Rubac,* 611 S.W.2d 848, 849 (Tex.Crim.App. [Panel Op.] 1981). By conducting a hearing and then determining that the installation of the interlock device was appropriate in appellant's particular case, the trial court complied with article 17.441. After the court had determined that appellant had been convicted of DWI and that installation of the device was in the best interest of justice, article 17.441 required installation of the device. *See* TEX.CODE CRIM. PROC. ANN. art. 17.441 (Vernon Supp.1997). The courts of this state have no inherent powers that permit them to ignore express statutory provisions. *See Queen v. State,* 842 S.W.2d 708, 711 (Tex. App.—Houston [1st Dist.] 1992, no pet.). They are bound to follow the will of the people as it is expressed in the Constitution and the laws enacted by the legislature. *See id.* Accordingly, a trial court does not abuse its discretion by complying with an express statutory provision. We overrule appellant's first point of error.

Appellant next complains that article 17.441 is unconstitutional. In support of this

argument, appellant contends, in conclusory language, that the interlock condition: (1) does not ensure his appearance at trial; (2) constitutes punishment; (3) is oppressive; (4) constitutes a fine; and (5) is contrary to the presumption of innocence. He also argues that article 17.441 violates the separation of powers doctrine of the Texas Constitution.

■ The primary purpose of bond is to ensure the defendant's presence in court at all proceedings. *See Estrada v. State,* 594 S.W.2d 445, 447 (Tex.Crim.App. [Panel Op.] 1980). It is not necessary that the condition in question relate directly to securing the defendant's presence in court. *See id.* at 447–48. It is sufficient if the condition indirectly increases the likelihood that the defendant will appear. *See id.* at 448; *Rodriguez v. State,* 744 S.W.2d 361, 363 (Tex.App.— Corpus Christi 1988, no pet.).

■ In *Estrada,* the defendant was convicted of possession of heroin. As a condition of his appeal bond, the trial court required him to submit to urine testing and attend drug counseling. The court determined that the conditions were reasonable because Estrada's continued abstinence from heroin was rationally related to his appearance in court when necessary. *Estrada,* 594 S.W.2d at 447.

In *Rodriguez,* the defendant was convicted of aggravated assault. The trial court required, as a condition of bail, that the defendant stay away from and not communicate with the victim. The condition was held to be reasonable because it was rationally related to the purpose of assuring that the defendant commit no further acts of violence, which in turn increased the likelihood that he would appear in court when ordered. *Rodriguez,* 744 S.W.2d at 363–64.

In this case, the trial court determined that the installation of the interlock device "cuts down on a person's drinking because they know they're going to have to drive and so they can't drink." Therefore, the trial court made a finding that the condition in question was rationally related to the purpose of assuring that appellant not drink and drive. In so finding, the trial court implicitly found that, by assuring that appellant not

violate the law, the condition was also related to his appearance in court when required. We reject appellant's argument that the interlock condition is not reasonable because it does not ensure his presence in court.

■ Appellant asserts that the requirement of the interlock device constitutes punishment and, as such, is oppressive. Article 17.441 only applies to those persons who have been convicted of DWI within the preceding five years. *See* TEX.CODE CRIM. PROC. ANN. art. 17.441 (Vernon Supp.1997). The interlock device serves the narrow governmental purpose of assuring that such persons not drive an automobile after they have consumed alcohol. *See Ex parte Tharp*, 912 S.W.2d 887, 890 (Tex.App.Fort Worth 1995), *aff'd*, 935 S.W.2d 157 (Tex.Crim.App.1996). Driving an automobile is a privilege, not a right. *See Naff v. State*, 946 S.W.2d 529, 532–33 (Tex.App.—Fort Worth 1997, n.w.h.); *Texas Dep't of Pub. Safety v. Schaejbe*, 687 S.W.2d 727, 728 (Tex.1985); *Ex parte Tharp*, 912 S.W.2d at 890. The revocation of licenses and privileges in general have traditionally not been found to be punitive in nature. *See Ex parte Tharp*, 912 S.W.2d at 891. Accordingly, the requirement of an interlock device, which is a less severe infringement on the privilege of driving an automobile, does not constitute punishment and is not oppressive.

■ Appellant argues that the requirement of the interlock device constitutes a fine. The court took the cost of the device into consideration [2] and waived the normal pretrial probationary fee. Appellant has not argued that the cost to him exceeds the State's costs of installing and monitoring the device. This argument is without merit.

■ Appellant complains that the requirement of the device is contrary to the presumption of innocence. A similar argument was rejected in *Bell v. Wolfish*, 441 U.S. 520, 533, 99 S.Ct. 1861, 1870–71, 60 L.Ed.2d 447, 464–65 (1979). In *Bell*, the Court explained that the presumption of innocence is a doctrine that allocates the burden of proof in criminal trials and does not apply to a determination of the rights of a pretrial detainee.

*Id.* Therefore, we reject appellant's argument in this regard.

■ Appellant contends that article 17.441 is unconstitutional because its language is mandatory, leaves no room for judicial discretion, and, thus, violates the separation of powers doctrine of the Texas Constitution. Appellant's argument ignores subsection (b) which states that the magistrate "may not" require the installation of the device if to do so would be contrary to the best interests of justice. TEX.CODE CRIM. PROC. ANN. art. 17.441(b) (Vernon Supp.1997).

In this case, the trial court specifically acknowledged that the decision to require the interlock device was discretionary based on a determination that, in light of appellant's previous DWI, its installation was in the best interest of justice. Because subsection (b) affords the trial court this discretion, article 17.441 does not violate the separation of powers provision and is not unconstitutional. *Cf. Meshell v. State*, 739 S.W.2d 246, 257 (Tex.Crim.App.1987) (declaring speedy trial act unconstitutional because it deprived State of prosecutorial discretion). We overrule appellant's second point of error and affirm the trial court's denial of his application for habeas relief.

---

2. The cost of the interlock device is about $2.00 per day.