MARY'S OPINION HEADING 









                                                NO.
12-06-00101-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

MELISSA BURSON,            §                      APPEAL
FROM THE 349TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      HOUSTON
COUNTY, TEXAS

                                                                                                      
                                                     

OPINION

            This is an appeal from an amended order on an application
for writ of habeas corpus related to pretrial bail.  The trial court reduced the amount of bail
required of Appellant Melissa Burson and imposed terms and conditions of bail
governing Appellant’s possession of and contact with her children.  Appellant brings three issues challenging the
trial court’s authority to require certain conditions of bail related to her
visitation with and possession of her three children, Lillian, Harper, and
Isabella.  We modify the trial court’s
order, and as modified, affirm.

 

Background

            Appellant is charged with endangering a child.  See Tex.
Pen. Code Ann. § 22.041 (Vernon Supp. 2006).  Her live in boyfriend, Jeremy Hyde, is
charged with injury to a child.  See Tex. Pen. Code Ann. § 22.04 (Vernon
Supp. 2006).








            Appellant lived with her boyfriend, Jeremy Hyde, and her
three children in Crockett, Texas. 
Appellant took Isabella to the hospital emergency room where she was
observed to have a black eye and severe bruising and swelling on the right side
of her face and behind her right ear, injuries consistent with her being struck
in the face by a left handed person. 
Jeremy is left handed.  Appellant
said that Isabella’s injuries occurred when she fell out of bed and hit her
Barbie Kitchen.  Later she gave another
statement in which she said that her daughter Lillian had told her that her
baby sister was hurt when Jeremy pushed her and she bumped her head.  At day care, Lillian told her teacher that “Jeremy
kicked and hurt Izzie.”

            At the time the complaints were filed against Appellant
and Jeremy, Isabella was believed to need treatment to realign her right jaw
bone and an operation to regain sight in her right eye.

            At the hearing on Appellant’s application for habeas
corpus, the trial court reduced the amount of bail required of Appellant to
$10,000 and imposed the following conditions that Appellant challenges:

 

5.             Defendant’s
visitation with Isabella Burson will be pursuant to the terms of the Protective
Order in Cause No. 05-0029, styled “John P. Goss, Jr. v. Jeremy Hyde and
Melissa Burson,” in the Third Judicial District Court of Houston County, Texas.

 

6.             Visitation
between Defendant and Lillian Burson will be under the supervision and in the
presence of Jeanne Beard [Appellant’s mother] and Jacob Rollo.

 

7.             Visitation
between Defendant and Harper Burson will be under the supervision and in the
presence of Jeanne Beard at times agreed to by Jeanne Beard and Georgianna
Hyde.

 

 

Bail Conditions

            In her first two issues, Appellant contends that the
trial court had no authority to require that her visits with Lillian and Harper
be supervised.  In her third issue, she
argues that the trial court erred in not limiting the condition requiring
supervision of her visits with Isabella to a term of ninety days.

Applicable Law

            “[T]he course of the common law in England and the
development of the common law and statutory law in the United States
demonstrate that the courts have the inherent power to place restrictive
conditions upon the granting of bail.”  Estrada
v. State, 594 S.W.2d 445, 446 (Tex. Crim. App. 1980) (quoting United
States v. Smith, 444 F.2d 61 (8th Cir. 1971)); see also Dallas v.
State, 983 S.W.2d 276, 279 (Tex. Crim. App. 1998).  To secure a defendant’s appearance at trial,
a magistrate may impose any reasonable condition of bond related to the safety
of the victim of the alleged offense or to the safety of the community.  Tex.
Code Crim. Proc. Ann. § 17.40(a) (Vernon 2005).  Section 17.40(a) is confusing in that it can
be read to require that conditions for pretrial bail must relate to all three
criteria – reasonableness, securing the defendant’s appearance at trial, and
protecting the safety of others.  See Ex
parte Anderer, 61 S.W.3d 398, 401-02 (Tex. Crim. App. 2001).  Anderer suggests that a
condition required for the protection of the victim or the community must also be
related to securing the defendant’s trial appearance.  However, conditions related to the safety of
others are not always related to insuring the defendant’s appearance at
trial.  The issue in Anderer was
the reasonableness of a bail condition pending appeal, not a pretrial bail
condition.  The Anderer court
held that only a reasonableness standard applied to a condition of bail pending
appeal.  Appellant had been convicted of
killing a person by driving his commercial vehicle with criminal negligence.  The court held that a condition that he not
operate a vehicle while free on bail pending appeal had the legitimate purpose
of protecting the public safety. 
Therefore, the condition was not unreasonable even though it prevented
him from engaging in his customary business. 
Anderer, 61 S.W.3d at 406.

            Anderer did not address whether, under
section 17.40(a), a condition might be required that is solely related to the
safety of the victim or the community. 
We believe that section 17.40(a) should be interpreted as “authorizing
conditions that are reasonably related to securing the accused’s presence at
trial, the safety of the victim, or the safety of the community.”  See 41 George E. Dix & Robert O. Dawson, Texas Practice:
Criminal Practice and Procedure § 16.76 (2d ed. 2001) (emphasis
added).  In Pharris v. State,
the court of criminal appeals noted that several statutory provisions allowed
the trial court to impose reasonable conditions of bail, “both to insure a
defendant’s appearance for trial and to protect the community.”  Pharris v. State, 165 S.W.3d
681, 689 n.19 (Tex. Crim. App. 2005) (emphasis added).  The opinion specifically noted that section
17.40 allowed the magistrate to impose any reasonable condition of bond related
“to the safety of the community.”  Id.

            Decisions antedating the enactment of section 17.40 held
that it was not necessary that a pretrial bond condition relate directly to
securing the defendant’s presence at trial. 
See Ex parte Elliott, 950 S.W.2d 714, 716 (Tex. App.–Fort
Worth, pet. ref’d).  The condition is
sufficient if it indirectly increases the likelihood that the defendant will
appear.  Id.  In another case, the defendant had been
convicted of aggravated assault, and the trial court required, as a condition
of bail, that the defendant stay away from and not communicate with the
victim.  On appeal, the condition was
held to be reasonable, because “it was rationally related to the purpose of
assuring that the defendant commit no further acts of violence, which in turn
increased the likelihood that he would appear in court when ordered.”  Rodriguez v. State, 744 S. W.2d
361, 363-64 (Tex. App.–Corpus Christi 1988, no pet.).

            If the defendant has been charged with an assaultive
offense or sexual offense against a child twelve years of age or younger, the
magistrate may require as a condition of bond that the defendant not
communicate directly with the alleged victim or go near any location frequented
by the alleged victim.  Tex. Code Crim. Proc. Ann. § 17.41(a),
(b) (Vernon 2005).  The magistrate may,
however, grant the defendant supervised access to the alleged victim.  Tex.
Code Crim. Proc. Ann. § 17.41(c) (Vernon 2005).  To the extent that a condition “conflicts
with an existing court order granting possession of or access to a child, the
condition imposed under this article prevails for a period specified by the
magistrate, not to exceed 90 days.”  Tex. Code Crim. Proc. Ann. § 17.41(d)
(Vernon 2005).  The conditions imposed
may not impinge unreasonably upon rights guaranteed under the United States or
the Texas constitutions.  Estrada,
594 S.W.2d at 446.

Discussion

            Appellant argues that the conditions of bond relating to
Lillian and Harper are unreasonable, because they do not increase the
likelihood that she will appear at trial and they are not related to the safety
of the alleged victim, Isabella, or the community.

            We disagree. 
Lillian and Harper are very young members of the community.  At the time of the alleged offense, they were
living with Appellant and a man accused of seriously injuring their baby
sister.  The record does not prove but
certainly suggests that initially Appellant gave a false explanation of the
cause of Isabella’s injuries in order to protect the man who injured her
child.  Lillian and Harper are two of the
most directly affected and vulnerable members of the community.  Given these circumstances, it was reasonable
and the trial court was authorized under section 17.40(a) to require
restrictions on Appellant’s possession of and visitation with Lillian and
Harper.

            Moreover, by restricting her possession of Lillian and
Harper to visitation supervised by Appellant’s mother, at times and places
agreed upon by Appellant’s mother and the other named relatives, the condition
helps insure Appellant’s continued presence in the community and her appearance
at trial.  Appellant’s two issues related
to Lillian and Harper are overruled.

            Appellant also contends that the condition of bond
restricting access to and possession of the alleged victim, Isabella Burson,
conflicts with an existing court order granting possession of or access to
Isabella in Cause No. 05-CCL-109, styled “In the Interest of Isabella Ava Lou
Burson, a child,” in the County Court at Law of Houston County, Texas.  Article 17.41(d) of the Texas Code of
Criminal Procedure specifies that such a condition restricting access to a
child victim “prevails for a period specified by the magistrate, not to exceed
ninety days.”  Tex. Code Crim. Proc. Ann. art. 17.41(d).  Since the trial court did not limit the
condition regarding Isabella to ninety days, Appellant argues it is violative
of the specific code provision applicable to a child victim and should be
removed.

            The limitation of a condition of bond restricting access
to the child victim to ninety days when it conflicts with an existing court
order granting possession of or access to the child is inconsistent with the
general grant of authority under the preceding Article 17.40(a) to “impose any
reasonable condition of bond related to the safety of a victim of the alleged
offense or to the safety of the community.” 
Tex. Code Crim. Proc. Ann. art.
17.40(a).  Article 17.40(a) provides for
no time limitation on the conditions required. 
See id.  As
written, the Code appears to provide the magistrate more authority to protect
members of the community at large than the child victim.  Nevertheless, we believe our decision must be
governed by the specific code provision applicable to child victims twelve
years of age or younger.  We are
therefore compelled to hold that condition number five of the trial court’s
order transgresses the specific limitation provided in Article 17.41(d) and
should be deleted.  Appellant’s issue
relating to Isabella is sustained.

 

Disposition

            The trial court’s Amended Order on Application for Writ
of Habeas Corpus is modified to delete condition number
five.  In all other respects, the order
is affirmed.

                                                                                                    BILL BASS 
  

                                                                                                            Justice

Opinion
delivered August 31, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

(PUBLISH)