COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-08-00259-CR |
| | § | |
| | § | Appeal from the |
| EX PARTE:  MARLIN MOORE | § | 41st District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 20080D03174) |
| | § | |

**O P I N I O N**

This is an appeal of a district court's denial of an application for writ of habeas corpus. Mr. Moore was charged with Driving While Intoxicated, second offense. He is now complaining about a much delayed modification of the conditions of his bail that requires him to only drive vehicles equipped with an ignition interlock. He filed his writ of habeas corpus with the district court on the following bases:  (1) TEX.CODE CRIM.PROC.ANN. art. 17.09 prohibits the imposition of an additional requirement for bail set in his case; and (2) his due process rights were violated because no hearing or evidence were provided relating to the requirements of Article 17.09. The district court denied Appellant's writ application.

On July 9, 2006, Appellant was arrested for Driving While Intoxicated (DWI), second offense. He posted a $750 surety bond that day in accordance with the magistrate's order. On July 24, 2006, Appellant was charged by an Information with DWI, second offense. Appellant waived his arraignment and entered a plea of "not guilty" about a month later. Almost two years later, June 24, 2008, a county criminal court at law judge entered a DWI Second Modification

Order on the bond, which ordered Appellant not to operate any motor vehicle unless the vehicle was equipped with an ignition interlock. Appellant filed an objection to the interlock requirement, and the county criminal court held a hearing on June 25, 2008. The court overruled Appellant's objection. The court issued its findings of fact and conclusions of law. On July 7, 2008, Appellant filed his application for writ of habeas corpus and for alternative relief with the district court. After a hearing, the court denied Appellant's writ application.

On appeal, Appellant raises five issues: (1) under TEX.CODE CRIM.PROC.ANN. art. 17.09, the district court erred in ruling that the trial court was authorized to modify the bond after Appellant already provided bail upon his original release, unless there is some defect in that bond or other good and sufficient reason exists; (2) the trial court violated Appellant's constitutional rights by requiring additional bond and conditions of release pursuant to Article 17.441(a)(1) without providing a hearing and findings of those deficiencies as set out in Article 17.09(3); (3) the fact that the original magistrate had released Appellant without the interlock requirement makes it an implied finding that the interlock requirement is not in the best interest of justice pursuant to Article 17.441(b); (4) the subsequent trial judge violated Article 17.441(c) by requiring Appellant to install the interlock device because the original magistrate did not require him to do so before the thirtieth day after the date that he was released on bond; and (5) the subsequent judge violated Appellant's due process rights by imposing new conditions of release in addition to the new bond without evidence of his failure to comply with the original terms and conditions of release or other good and sufficient reason.

In reviewing the district court's decision to grant or deny habeas corpus relief, we view the facts "'in the light most favorable to the [district] judge's ruling and should uphold it absent

-2-

an abuse of discretion.'" *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex.Crim.App. 2006). If the resolution of the ultimate questions turns on an evaluation of credibility and demeanor, we provide the same amount of deference to the district court's application of the law to the facts. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003). However, if the resolution of the ultimate questions turns on an application of legal standards, we review the determination *de novo. See id.*

In reviewing a trial court's decision regarding bail settings, we look at whether the trial court has abused its discretion and fixed bail at an excessive amount. *See Cooley v. State*, 232 S.W.3d 228, 233 (Tex.App.--Houston [1st Dist.] 2007, no pet.). An appellate court should not intervene if the trial court's ruling is within the zone of reasonable disagreement even if the appellate court would have reached a different result with respect to bail settings. *See* TEX.CODE CRIM.PROC.ANN. art. 17.15 (Vernon 2005); *Ex parte Henson*, 131 S.W.3d 645, 647 (Tex.App.--Texarkana 2004, no pet.). The defendant bears the burden to prove that bail is excessive. *See* U.S.CONST. AMEND. VIII; TEX.CONST. art. 1, § 13; TEX.CODE CRIM.PROC.ANN. art. 1.09 (Vernon 2005); *Ex parte Cuevas*, 130 S.W.3d 148, 150 (Tex.App.--El Paso 2003, no pet.).

In his first issue, Appellant contends that under TEX.CODE CRIM.PROC.ANN. art. 17.09, the district court erred in ruling that the trial court was authorized to modify the bond after Appellant already provided bail upon his original release, unless there is some defect in that bond or other good and sufficient reason exists. Appellant concedes that Article 17.441 may authorize the trial court to modify the bond but argues that the modification does not "comport with principles of constitutional due process, two years after [his] original release and with no factual support . . . ."

Texas courts have no inherent authority to ignore express statutory provisions. *See Ex parte Elliott*, 950 S.W.2d 714, 716 (Tex.App.--Fort Worth 1997, pet. ref'd). And it follows that a trial court can not abuse its discretion by following an express statutory provision. *See id*.

TEX.CODE CRIM.PROC.ANN. art. 17.09, § 2 (Vernon Supp. 2009) provides that when a defendant has provided bail for his appearance in answering to a criminal charge, he shall not be required to post another bond in the course of the same criminal action. But there is an exception to that rule: Article 17.09, § 3 provides that if a judge or magistrate during the course of a defendant's criminal action that is pending finds that the original bond is defective, excessive or insufficient, any sureties are unacceptable, or for any other good and sufficient cause, he or she may order the defendant to be rearrested and require him to give another bond. The judge or magistrate must release the defendant from custody once he or she approves the given bond. *See* TEX.CODE CRIM.PROC.ANN. art. 17.09, § 3.

Moreover, TEX.CODE CRIM.PROC.ANN. art. 17.441 sets out the conditions requiring motor vehicle ignition interlock. The statute mandates a magistrate to require on release that a defendant charged with an offense under Sections 49.04-49.06, 49.07, or 49.08 of the Penal Code, which cover DWI offenses, to install the interlock device onto his motor vehicle. *See id*. A defendant may not operate any motor vehicle unless the vehicle is equipped with this device. *See id*. The only exception to this mandate is where the magistrate finds that to require the installation "would not be in the best interest of justice." *See id*. The magistrate must also require the defendant to install the device at the defendant's expense before the thirtieth day after the date the defendant is released on bond. *See* TEX.CODE CRIM.PROC.ANN. art 17.441.

Appellant posted the surety bond in July 2006, but almost two years later, in June 2008,

the trial court entered an order to modify that bond. The trial court's order stated that it was done according to the requirements of Article 17.441. Because Appellant was charged with a DWI offense, Article 17.441 applies, and because the original bond did not require Appellant to install the interlock device, the trial court found the bond to be defective under the express language of Article 17.09, § 3. The trial court complied fully with both Articles 17.09 and 17.441, the express statutory provisions that are relevant in the present case, and we can not find that it abused its discretion. We overrule Issue One.

In his second issue, Appellant contends that his due process rights were violated by requiring additional bond and conditions of release pursuant to Article 17.441(a)(1) without providing hearing and findings of those deficiencies as set out in Article 17.09, § 3.

Notwithstanding his contention, after he filed his objection to the interlock requirement on June 24, 2008, the trial court did hold a hearing on the requirement on June 25, 2008 and issued findings of fact and conclusions of law on July 10, 2008. The court held that Appellant presented no facts or circumstances to indicate the interlock installation would not be in the best interest of justice according to Article 17.441(b) and found that the requirement was in the best interest of justice. We find the trial court did not abuse its discretion. We overrule Issue Two.

In his remaining issues, Appellant contends: the fact that the original magistrate had released Appellant without the interlock requirement makes it an implied finding that the interlock requirement is not in the best interest of justice pursuant to Article 17.441(b); the subsequent trial judge violated Article 17.441(c) by requiring Appellant to install the interlock device because the original magistrate did not require him to do so before the thirtieth day after the date that he was released on bond; and the subsequent judge violated Appellant's due process

-5-

rights by imposing new conditions of release in addition to the new bond without evidence of his failure to comply with the original terms and conditions of release or other good and sufficient reason.

TEX.R.APP.P. 33.1 requires a party to make a complaint to the trial court and for the trial court to rule on it before the issues in the complaint can be appealed. If an appellant does not do so, he fails to preserve his complaint and the issues within it for appellate review. *See id*. Because the record does not show that Appellant presented those complaints to the trial court below, we must conclude that he has waived them for purposes of this appeal. Therefore, we overrule Issues Three, Four, and Five.

Having overruled all of Appellant's issues, we affirm the trial court's judgment.


August 25, 2010

DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., Rivera, J., and Moody, Judge
Moody, Judge (Sitting by Assignment)

(Do Not Publish)