Affirmed and Memorandum
Opinion filed January 6, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00910-CR

____________

 

EX PARTE JOHN PAUL CHAPMAN, JR.

 



 

On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 1277117

 



 

M E M O R
A N D U M   O P I N I O N

John Paul Chapman, Jr. has been charged with driving while
intoxicated (DWI).  See Tex. Penal Code §49.04.  The State alleged that
he had been convicted of DWI twice before, thereby elevating this offense to a
third degree felony.  See Tex. Penal Code §49.09(b).  The trial court
ordered several conditions on Chapman’s release on pre-trial bond, including a prohibition
against driving.  Chapman filed an application for writ of habeas corpus
challenging the trial court’s authority to impose the “no driving” condition. 
After a hearing, the trial court denied relief, and this appeal followed.  See
Tex. R. App. P. 31.  

Background

            At the writ hearing, Chapman’s father testified about his
son’s employment with the family-owned trucking company, Champion Cartage
Company, for the last 17 years.  He explained that Chapman is a vice-president
and he specializes in marketing and sales.  As part of Chapman’s duties, he is
required to travel to meet with clients and visit customer sites to measure cargo
and quote prices for shipment.  He also is to make sure that the trucks are
properly loaded.  The father also testified that Chapman shares custody of his
three-year old son with his ex-wife.  Because of the ex-wife’s medical issues,
Chapman has the primary responsibility to transport his son to school,
extracurricular activities and speech therapy.  

            On cross-examination, the father acknowledged that Chapman was
employed at the family company when he was convicted of DWI before.  He
acknowledged that the safety of his son, grandson, and the community as a whole
are more important than his son’s work duties.  

            Chapman’s father was the only witness to testify at the writ
hearing.  At the conclusion of the hearing, the trial court denied relief.

Standard
of Review

            A pre-trial writ of habeas corpus is appropriate only in very
limited circumstances.  The writ is permitted to challenge the State’s power to
restrain a defendant, the manner of pre-trial restraint (i.e., the denial or
conditions of bail), or certain issues that would bar prosecution or
conviction.  Ex parte Smith, 178 S.W.3d 797, 801 (Tex. Crim. App.
2005).  Thus, Chapman may challenge conditions on pre-trial bail through a writ
of habeas corpus.

            In 1999, magistrates were given general authority to impose
reasonable conditions on pre-trial bail.  Ex parte Anderer, 61 S.W.3d
398, 401 (Tex. Crim. App. 2001).  “To secure a defendant’s attendance at trial,
a magistrate may impose any reasonable condition of bond related to the safety
of a victim of the alleged offense or to the safety of the community.”  Tex.
Code Crim. Proc. art. 17.40(a).  In setting pre-trial bail, a magistrate must
consider the nature and circumstances of the alleged offense and the safety of
the alleged victim and the community, and the magistrate may impose reasonable
conditions related to their safety.  Anderer, 61 S.W.3d at 405-06.  A
condition of pre-trial bail will be upheld if it meets three criteria: (1) it
must be reasonable; (2) it must be made to secure the defendant’s presence at
trial; and (3) it must be related to the safety of the alleged victim or the
community.  Anderer, 61 S.W.3d at 401.

            An appellate court reviews a trial court’s pre-trial bail
decision for an abuse of discretion.  Ex parte Rubac, 611 S.W.2d 848,
849-50 (Tex. Crim. App. 1981).  The applicant bears the burden to show that the
trial court abused its discretion in setting the amount of bail or imposing a
specific condition.  Id.; Ex parte Anunobi, 278 S.W.3d 425, 528 (Tex.
App.—San Antonio 2008, no pet).  In reviewing a trial court’s ruling for an
abuse of discretion, an appellate court will not intercede as long as the trial
court’s ruling is at least within the zone of reasonable disagreement.  Cooley
v. State, 232 S.W.3d 228, 234 (Tex. App.—Houston [1st Dist.] 2007, no pet.)
(citing Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)).

Discussion

Chapman contends in two issues that the trial court exceeded
its authority and abused its discretion in imposing the “no driving” condition
for pre-trial bond.[1]  Chapman first argues that because the legislature has
provided an appropriate safeguard, the trial court had no authority to impose
the “no driving” restriction.  Article 17.441 of the Code of Criminal Procedure
provides for the requirement of a motor vehicle ignition interlock as a
condition for pre-trial release when a defendant has been charged with a
subsequent DWI offense.  Tex. Code Crim. Proc. art. 17.441.  Chapman argues
that because article 17.441 provides a specific condition for a third DWI
offense, it should control over the more general authority for conditions
provided in article 17.40.  

The pre-trial bond condition requiring an ignition interlock
is not mandatory, however.  See Ex parte Elliott, 950 S.W.2d 714, 717
(Tex. App.—Fort Worth 1997, pet. ref’d).  The device is not required if the
magistrate determines that installation of the device “would not be in the best
interest of justice.”  Tex. Code Crim. Proc. art. 17.441(b).  Therefore, the
trial court has authority to impose other reasonable conditions.

Chapter 17 of the Code of Criminal Procedure provides a wide
range of conditions of bail.  Article 17.44(a) permits the imposition of home
confinement and electronic monitoring as conditions of release on bond.  Tex.
Code Crim. Proc. art. 17.44(a)(1).  The State contends that the “no driving”
condition is actually less restrictive that the conditions permitted in article
17.44.

In addition, Chapter 17 provides for curfews and drug
testing.  Tex. Code Crim. Proc. art. 17.43, 17.44(a)(2).  For defendants charged
with sex crimes committed against children under age 14, article 17.41 provides
for conditions prohibiting communicating with, and going near locations
frequented by, the victim.  Tex. Code Crim. Proc. art. 17.41(a)(1), (2). 
Therefore, the code contemplates conditions on bond that promote safety and are
not solely directed at securing the defendant’s presence at trial.  

The conditions of bail “may not impinge unreasonably upon
rights guaranteed by the Constitution.” Anderer, 61 S.W.3d at 402.  Driving
an automobile is a privilege, not a right.  See Texas Dep’t of Pub. Safety
v. Schaejbe, 687 S.W.2d 727, 728 (Tex.1985); Naff v. State, 946
S.W.2d 529, 532-33 (Tex. App.—Fort Worth 1997, no pet.).  Chapman’s rights have
not been violated by the “no driving” condition.  See Anderer, 61 S.W.3d
at 406 (upholding condition that defendant convicted of criminally negligent
homicide not operate motor vehicle while on bail pending appeal because of
protection to the public).

After hearing evidence from Chapman’s father, the trial court
ruled that the conditions set for pre-trial release on bond were reasonable. 
The court found that in light of Chapman’s third arrest for DWI, the “no
driving” condition was related to the safety of the community and would prevent
Chapman from endangering himself, ensuring his safety and appearance in court. 
A condition of bond need not relate directly to securing the defendant’s
presence in court.  Elliott, 950 S.W.2d at 716.  A condition is appropriate
if it indirectly increases the likelihood that the defendant will appear.  Id.


The trial court also explained that after hearing evidence of
Chapman’s employment at his father’s trucking company, the court considered
that Chapman would have access to numerous other vehicles.  Therefore, an
interlock device on Chapman’s personal vehicle would be an inadequate
safeguard.  We cannot say that the trial court abused its discretion in
imposing a “no driving” condition.  

Conclusion

Chapman has not met his burden to establish that the trial
court exceeded its authority or abused its discretion in imposing a “no
driving” condition.  We hold that the trial court did not abuse its discretion
in denying Chapman’s application for pre-trial writ of habeas corpus.  Chapman’s
issues are overruled.

Accordingly, we affirm the trial court’s order.

 

PER CURIAM

 

Panel consists of Justices
Brown, Boyce and Jamison.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]   The “no
driving” condition is the only condition challenged on appeal.