**Affirmed and Memorandum Opinion filed March 19, 2024.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-23-00308-CR

_____

## EX PARTE GERMAN SEBASTIAN NUNEZ

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1806206**

## MEMORANDUM OPINION

Appellant German Sebastian Nunez brings this habeas appeal from from the trial court's habeas-corpus judgment maintaining bail at $600,000 in association with a felony murder charge. We affirm.

### BACKGROUND

According to appellant's August 15, 2022 indictment for felony murder, he committed the offense of driving while intoxicated on or about June 30, 2022 by operating a motor vehicle and striking a vehicle occupied by Eric Krueger, thus causing Krueger's death. The indictment also alleges he committed that offense

after having been convicted on two prior occasions of driving while intoxicated. On August 16, 2022, the court set appellant's bond at $600,000. Appellant has not provided bail in that amount to the trial court at any time.

On February 7, 2023, appellant filed an application for a writ of habeas corpus, requesting that the trial court reduce his bond to $50,000 on the basis that his $600,000 bond was excessive and thus unreasonable.[1] The writ was granted on February 7, 2023, and the trial court held a hearing on appellant's requested relief on the 12th and 27th of April, 2023. The trial court signed a habeas-corpus judgment on April 27th, denying the requested relief. This appeal followed.

## ANALYSIS

We review a challenge to the excessiveness of bail for an abuse of discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). Under this standard, we may not disturb the trial court's decision if it falls within the zone of reasonable disagreement. *See Ex parte Dupuy*, 498 S.W.3d 220, 230 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

The right to be free from excessive bail is protected by the United States and Texas Constitutions. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 11. The amount of bail required in any case is within the trial court's discretion, subject to the following rules:

> 1. Bail and any conditions of bail shall be sufficient to give reasonable assurance that the undertaking will be complied with.
> 2. The power to require bail is not to be used to make bail an instrument of oppression.

---

[1] Although the petition is styled as appellant's "second petition for writ of habeas corpus," the record does not contain a copy of the first such document appellant filed with the trial court.

2

3. The nature of the offense and the circumstances under which the offense was committed are to be considered, including whether the offense:

    (A) is an offense involving violence as defined by Article 17.03; or

    (B) involves violence directed against a peace officer.

4. The ability to make bail shall be considered, and proof may be taken on this point.

5. The future safety of a victim of the alleged offense, law enforcement, and the community shall be considered.

6. The criminal history record information for the defendant, including information obtained through the statewide telecommunications system maintained by the Department of Public Safety and through the public safety report system developed under Article 17.021, shall be considered, including any acts of family violence, other pending criminal charges, and any instances in which the defendant failed to appear in court following release on bail.

7. The citizenship status of the defendant shall be considered.

Tex. Code Crim. Proc. Ann. art. 17.15

In addition to those rules, case law provides that courts may consider the following factors: (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) the aggravating circumstances alleged to have been involved in the charged offense. *Rubac*, 611 S.W.2d at 849–50. The defendant bears the burden to prove the bail set is excessive. *Id.* at 849.

In his sole issue on appeal, appellant asserts the trial court abused its discretion by declining to reduce his bail. The statutory factors, particularly the second, fourth, and fifth factors, involve the most significant disputes the parties have on appeal. There is no disagreement between the parties that the $600,000 bond is ensuring appellant's appearance at trial as he has not satisfied it, and it is

indisputable that appellant's charge is very serious, involving the death of another person, and which could subject him to a very lengthy prison sentence and significant fine if he is convicted. *See* Tex. Penal Code Ann. §§ 19.02 (punishment for first-degree felony), 12.32 (individual adjudged guilty of first-degree felony shall be punished by imprisonment of not more than 99 years or less than 5 years, and in addition to imprisonment, may be punished by a fine not to exceed $10,000), 12.42(c)(1) (on trial of first-degree felony when defendant has previously been finally convicted of felony other than a state jail felony, on conviction defendant shall be punished by imprisonment for life or for any term of not more than 99 years or less than 15, and in addition to imprisonment, may be punished by a fine of up to $10,000). Moreover, the parties do not dispute that appellant's criminal history favors a larger bail amount, and no party has contended appellant's citizenship impacts the bail analysis here.

However, appellant contends the bail amount is being used as an instrument of oppression for reasons connected with the other two substantially disputed factors. First, appellant claims the evidence presented to the trial court sufficiently demonstrates it is impossible for him and his family to provide bail in the amount of $600,000, but rather that they can satisfy a $50,000 bond. Second, appellant contends the evidence provided about his health and physical condition demonstrates that regardless of whether appellant caused Krueger's death by operating a vehicle while intoxicated, he cannot do so now, thus meaning he cannot be a threat to the community.

Turning first to the issue of what bond appellant and his family can afford, testimony from appellant's sister at the trial court's hearing indicated that appellant and his family had neither the cash nor the assets to satisfy a $600,000 bond, but that they did have funds available to satisfy a $50,000 bond. As for whatever

4

additional assets are available, appellant's sister answered "No" as to whether appellant's family had any assets at all, and the family did not have the financial ability to satisfy a bond over $50,000.

We acknowledge that the evidence of finances provided at the bail hearing does favor a lower bail amount as it indicates $600,000 bail is unaffordable for defendant, but that factor is not controlling. *See Milner v. State*, 263 S.W.3d 146, 150 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("The ability or inability of an accused to make bail, however, even indigency, does not alone control in determining the amount of bail.").

We turn our attention to the safety of the community and law enforcement (Krueger's death means victim safety does not influence the fifth statutory factor here). Looking solely at the circumstances contemporaneous with and preceding the offense, there can be little doubt that driving while intoxicated, which places persons on and near roads at significant risk, itself constitutes a threat to the community and law enforcement. *See Ex parte Shires*, 508 S.W.3d 856, 861 (Tex. App.—Fort Worth 2016, no pet.). Furthermore, the fact that appellant's criminal history demonstrates he has driven while intoxicated on multiple occasions prior to his instant alleged offense makes the risk appellant poses in this regard significantly higher. *Cf. Ex parte Elliot*, 950 S.W.2d 714, 717 (Tex. App.—Fort Worth 1997, pet. ref'd) (upholding a pretrial bond condition that was supported by a defendant's previous DWI offense).

On appeal, appellant contends his physical condition means he will not be a danger to the community as his physical condition prevents him from operating a motor vehicle. The appellate record contains little evidence about appellant's physical condition and whether he can operate a motor vehicle. Appellant's sister testified at his habeas hearing that he was injured in the accident underlying

appellant's charge and was, at the time of the hearing, "badly hurt" and "having a hard time recovering." The record also reflects that appellant had been in a wheelchair since the time of the accident and attended the hearing in a wheelchair. Overall, it is difficult for this court to precisely determine how much capacity appellant had or has to operate a motor vehicle.

The trial court was in the best position to weigh the evidence at the time of the hearing, and it is clear that the trial court felt there was an unacceptably high risk that appellant would drive a vehicle while intoxicated if released. At the conclusion of the hearing, after acknowledging that the safety of the community is one of the factors the trial court considered in setting bail, the trial court noted it could not guarantee that appellant will not be able to get into a vehicle and drive while intoxicated. Although appellant's physical condition intuitively makes it more difficult to do so, the trial court was the fact-finder who observed appellant directly while assessing how physically able he was to operate a vehicle. With little other evidence to analyze the issue on aside from references in the testimony of appellant's sister, we are not in a position to find any error by the trial court here. *Cf. Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (acknowledging that appellate courts "should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor").

Turning to the *Rubac* factors in turn, appellant provided testimony from his sister that prior to being charged with felony murder, he had been employed regularly since being able to work, though his sister was unsure what his employment was at the time of the alleged offense. The record also reflects that he has family in Houston, Killeen, and Honduras (though testimony indicated he had

6

not been to Honduras for around twenty years), and that he has lived around his family generally for almost all of his life. As mentioned above, appellant has multiple prior convictions for DWI offenses, and at the hearing, the State's attorney indicated appellant was charged in New York for larceny and disorderly conduct around 2010, but aside from the State indicating the New York charges were for misdemeanors, the quantity of and the specifics of the New York charges are unclear from the record. There is no indication in the record that appellant has failed to comply with bond conditions previously given in any case, nor is there any indication in the record that appellant is currently subject to any bonds. And as mentioned above, the charged offense involves a serious allegation that appellant caused the death of another person.

After considering both the statutory and the common-law factors, we conclude the trial court acted within its discretion in maintaining appellant's bond at $600,000. In particular, the trial court's assessment that appellant posed a significant risk to the community both significantly favors the bail amount and depends heavily on the trial court's assessment of appellant's physical ability, which is beyond this court's ability to second-guess, particularly with the relative lack of additional evidence shedding light on appellant's physical ability. In addition, the nature of appellant's charged offense and the substantial punishment he may be faced with if convicted indicate he poses a flight risk. *See Dupuy*, 498 S.W.3d at 231 (noting, in a multiple-charge case, "[g]iven the seriousness of the charged offenses and the lengthy potential sentences, the trial court reasonably could conclude there was a possibility that appellant would not appear for trial"). We accordingly overrule appellant's sole issue on appeal.

## CONCLUSION

We affirm the trial court's habeas-corpus judgment.

7

PER CURIAM

Panel consists of Justices Jewell, Spain, and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b).